**Electronically Filed
Intermediate Court of Appeals
30525
14-SEP-2012
07:59 AM**

NO. 30525

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GUY EDWARDS, Plaintiff-Appellee,
v.
ANGELO FLORIS and MARIA FLORIS Defendants-Appellants.


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
LAHAINA DIVISION
(DC-CIVIL NO. 09-1-1154)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Defendants-Appellants Angelo and Maria Floris
(Florises) appeal from rulings by the District Court of the
Second Circuit, Lahaina Division (district court),[1] in favor of
Plaintiff-Appellee Guy Edwards (Edwards).  In this civil action,
Edwards sought summary possession and rent in the amount of
$82,550 based on the Florises' alleged breach of an oral rental
agreement.  In its March 11, 2010 findings of fact and
conclusions of law, the district court concluded that the
Florises owed Edwards $23,200 in rent for their occupancy of an
ohana unit (ohana) that is part of a larger piece of property
located in Lahaina (Property).[2]

---

[1]  The Honorable Rhonda I.L. Loo presided.

[2]  The district court also found that the Florises had already vacated
the Property.

On appeal, the Florises assert that: (1) the district court erred in denying their motion to dismiss because they raised a legitimate question of title; and (2) the district court erred in denying their motion to join their son, Richard Floris (Richard), as a necessary party.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised therein, we resolve the Florises' appeal as follows:

The Florises contend that because they raised an issue of title to the Property, the district court erred in denying their motion to dismiss for lack of jurisdiction. We review the district court's exercise of jurisdiction *de novo* under the right/wrong standard. See <u>Lingle v. Hawaiʻi Gov't Emps. Ass'n, AFSCME, Local 152, AFL-CIO</u>, 107 Hawaiʻi 178, 182, 111 P.3d 587, 591 (2005).

Upon a *de novo* review, we hold that the district court had jurisdiction over this matter and did not err in denying the motion to dismiss. HRS § 604-5(d) (Supp. 2010) states that "[t]he district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question[.]" Further, Hawaiʻi District Court Rules of Civil Procedure (DCRCP) Rule 12.1 states that:

> [w]henever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, *such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question*, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

(Emphasis added.)

The affidavits attached to the Florises' motion to dismiss are not sufficient to raise a question regarding title.

In <u>Deutsche Bank Nat'l Trust Co. v. Peelua</u>, 126 Hawai'i 32, 37, 265 P.3d 1128, 1133 (2011), the Hawai'i Supreme Court recently ruled that:

> the source, nature, and extent of title claimed by the defendant, must be described to the court with some detail and specificity. In addition to particularly describing the source, nature, and extent of title, the defendant may also include in the affidavit any other particulars, the objective being to apprise the court fully of the nature of the defendant's claim.

The Florises' affidavits attest that their son Richard entered into an oral partnership with Edwards under which Edwards would purchase the Property by making a substantial down payment and carry the $4,000 monthly mortgage. In turn, the Florises attest that Richard would pay Edwards $4,000 a month for the mortgage, Richard "*would* obtain his ownership interest in the Property by making the mortgage payments[,]" (emphasis added), and that Richard made some payments and the Florises also made payments on behalf of Richard. As a result, the Florises each attest that "I will assert an ownership interest in the Property based upon cash payments made by my son, Richard Floris, made to effectuate a fifty per cent (50%) interest in the Property[.]" Thus, at most, the Florises' affidavits attest that there was an agreement by which Richard *would* obtain an interest in the Property, but nowhere in their affidavits do the Florises attest that Richard *had* acquired an interest in the title of the Property.

Moreover, inconsistent with their claim that Richard had an ownership interest in the Property, the Florises each submitted a second affidavit with their motion to dismiss in which they attest that they were living in the ohana unit with Edwards' permission while improving the Property and also after they started providing property management services for Edwards.

Although the Florises state in conclusory terms in their respective affidavits that they are asserting an ownership interest in the Property based on cash payments made by their son, such conclusory statements in affidavits that "lack[] any

specificity with respect to the source of title" do not satisfy DCRCP Rule 12.1, and therefore the Florises fail to establish that title was in question in this case. <u>Peelua</u>, 126 Hawai'i at 38, 265 P.3d at 1134. The district court therefore properly denied the Florises' motion to dismiss for lack of jurisdiction.

The Florises' second point of error on appeal is that the district court erred in denying their motion to join Richard as a necessary party. We review the district court's denial of this motion for an abuse of discretion. <u>See</u> <u>UFJ Bank Ltd. v. Ieda</u>, 109 Hawai'i 137, 142, 123 P.3d 1232, 1237 (2005). We conclude that the district court did not abuse its discretion in holding that Richard is not a necessary party in this case.

DCRCP Rule 19(a) states that:

> **(a) Persons to Be Joined if Feasible.** A person who is subject to service of process shall be joined as a party in the action if (1) in such party's absence complete relief cannot be accorded among those already parties, or (2) such party claims an interest relating to the subject of the action and is so situated that the disposition of the action in such party's absence may (A) as a practical matter impair or impede such party's ability to protect that interest, or (B) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of such party's claimed interest. If such a party has not been so joined, the court shall order that such person be made a party. If such party should join as a plaintiff but refuses to do so, such party may be made a defendant, or, in a proper case, an involuntary plaintiff.

With regard to DCRCP Rule 19(a)(1), "complete relief" can be accorded to the Florises and Edwards without Richard being joined as a party. Notwithstanding the Florises' assertion that Richard would obtain an ownership interest in the Property by making mortgage payments, they do not assert that Richard had obtained an interest in the title, and thus no question of existing title was raised. If the Florises had raised a sufficient question about title, the district court would not have had jurisdiction and the question of joining Richard as a party in these circumstances would be moot.

With regard to DCRCP Rule 19(a)(2), the Florises have not demonstrated that: Richard claims an interest related to the subject of the action; and that the disposition of this action in the absence of Richard as a party may as a practical matter impair or impede Richard's ability to protect any claimed interest, or leave any of the existing parties subject to substantial risk of incurring multiple or inconsistent obligations by reason of any interest claimed by Richard. The Florises have not shown how an adverse judgment in this case would prevent Richard from asserting claims against Edwards for any interest Richard may have in the Property, nor have the Florises shown how Richard would be impaired by the application of *res judicata* or *collateral estoppel*.

Richard testified at length in this case. Thus, the Florises were able to present evidence from Richard without the need to join him as a necessary party.

THEREFORE,

IT IS HEREBY ORDERED that the district court's findings of fact and conclusions of law filed on March 11, 2010, and the order granting Edward's motion for attorney's fees and costs filed on April 29, 2010, are affirmed.

DATED: Honolulu, Hawai'i, September 14, 2012.

On the briefs:

Hayden Aluli
for Defendants-Appellants

Craig H. Nakamura
Chief Judge

Lawrence M Reifurth
Associate Judge

Associate Judge

5